846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Annette PABELLON, Plaintiff-Appellant,
and
Dorothy Crite, on behalf of themselves and all other persons
similarly situated, Intervenor-Appellant,
v.
SPARTANBURG COUNTY, School District No. 7, Harold Patterson,
individually and in his official capacity as Superintendent
of Education, Spartanburg County School District No. 7,
Emerson Coleman, individually and in his capacity as
Assistant Superintendent of Education, Spartanburg County
School District No. 7, Joseph Delaney, individually and in
his official capacity as Assistant Principal, Spartanburg
High School, Buford Mobley, individually and in his official
capacity as Assistant Principal, Spartanburg High School;
Joe Wilson, individually and in his official capacity as
Athletic Director for Spartanburg High School, Teresa
Schiltz, individually and in her official capacity as school
teacher, Spartanburg High School, Page Campbell,
individually and in her official capacity as "Girls"
Basketball Coach, Spartanburg High School, Susan Padgette,
individually and in her capacity as "Girls" Volleyball
Coach, Spartanburg County School District Number 7,
Defendants-Appellees,
and
Spartanburg County, located in State of South Carolina, Defendant.
Annette PABELLON, Plaintiff-Appellant,
and
Dorothy Crite, on behalf of themselves and all other persons
similarly situated, Intervenor-Appellant,
v.
SPARTANBURG COUNTY, School District No. 7, Harold Patterson,
individually and in his official capacity as Superintendent
of Education, Spartanburg County District No. 7, Emerson
Coleman, individually and in his official capacity as
Assistant Superintendent of Education, Spartanburg County
School District No. 7, Joseph Delaney, individually and in
his official capacity as Assistant Principal, Spartanburg
High School, Buford Mobley, individually and in his official
capacity as Assistant Principal, Spartanburg High School,
Joe Wilson, individually and in his official capacity as
Athletic Director for Spartanburg High School, Teresa
Schiltz, individually and in her official capacity as
teacher, Spartanburg High School, Page Campbell,
individually and in her official capacity as "Girls"
Basketball Coach, Spartanburg High School, Susan Padgette,
individually and in her official capacity as "Girls"
Volleyball Coach, Spartanburg County School District Number
7, Defendants-Appellees,
and
Spartanburg County, located in State of South Carolina, Defendant.
 Nos. 87-1613, 87-1686.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1988.
Decided May 3, 1988.
 
 James Arthur Cheek for appellants,
 William Ussery Gunn (Holcombe, Bomar, Wynn & Gunn on brief), Herbert Veal Hammett, Jr. (Frank A. Lyles, Lyles, Lyles & Hammett, on brief) for appellees.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant, Annette Pabellon, appeals an adverse decision of the district court denying injunctive relief concerning a special School Board election and granting appellees' motion to dismiss as to those portions of the action alleging violations of Sec. 5 of the Voting Rights Act and conspiracy. She further appeals the action of the district court in sua sponte severing the case into two actions. We affirm.
 
 
 2
 Annette Pabellon, a black female, graduated from Spartanburg High School in 1987. During her senior year of high school, she was suspended for a period of three school days. Also in that year, she was not chosen as a member of the girls' basketball team. The school authorities say that she was suspended for misbehavior, and because she failed to attend all of the basketball tryout sessions as required was one reason she was not on the team. Based on these occurrences, Miss Pabellon initiated this law suit against the County, the County School District Number 7, and various county employees, seeking damages in the amount of $10,000,000.00. The complaint alleged various charges of sexual and racial discrimination in the school system.
 
 
 3
 Spartanburg County School District No. 7 and Spartanburg County responded to the complaint by filing motions pursuant to Fed.R.Civ.P. 12b(6). Plaintiff then allegedly served the defendants and the Spartanburg County Board of Education and each member of the board individually, none of which were then parties to the case, with an amended pleading. The pleading sought to join the Board and its members, and convene a three-judge district court pursuant to 28 U.S.C. Sec. 2284 with respect to claimed violations of Sec. 5 of the Voting Rights Act, 42 U.S.C. Sec. 1973c (preclearance), as well as injunctive and declaratory relief.
 
 
 4
 Following a hearing on March 3, 1987, the court directed District 7 to communicate with the South Carolina Attorney General's Office concerning the preclearance issues. On March 5, 1987, the court entered its order striking some of the plaintiff's constitutional and federal statutory claims, dismissing Spartanburg County as a party defendant, and granting District 7's motion for a protective order covering discovery pertaining to the Voting Rights Act allegations.
 
 
 5
 The district court reconvened on March 26, 1987 to continue the motions' hearing. The plaintiff's attorney advised that he knew of nothing to hold the County Board in the case except the questions concerning the Voting Rights Act preclearance provisions. The court delayed ruling on the plaintiff's motion to join the Spartanburg County Board of Education and the members thereof as party-defendants. The court also directed District 7 to seek additional information from the South Carolina Attorney General's Office on the preclearance issues. The court reaffirmed its stay of proceedings and discovery on the Voting Rights Act allegations. The remainder of the motions, one of which was the request for a three-judge court, were taken under advisement.
 
 
 6
 District 7 filed an answer to the complaint on March 30, 1987. Plaintiff then filed, pursuant to Fed.R.Civ.P. 23(a) and (b)(2), a motion for class action designation for certain students in District 7. The motion for a class action alleged that District 7 and the County Board of Education failed to comply with their affirmative duties as prescribed by the Supreme Court concerning representation and segregation. Further, plaintiff asked for interim injunctive relief to enjoin an April 21, 1987 special election in District 7, claiming the election to be violative of Sec. 2 of the Voting Rights Act of 1965, 42 U.S.C. Sec. 1973, thus perpetuating an unconstitutional system of administration of the public school system.
 
 
 7
 The district court heard the motion on April 20, 1987. The court denied relief on the ground that appellant failed to show irreparable harm by such denial. The remainder of the motions from the previous hearing were continued under advisement. The following day, the day of the election, the plaintiff filed a motion for reconsideration of the denial.
 
 
 8
 Dorothy Crite, on March 23, 1987, had sought to intervene on behalf of herself and a class of registered voters seeking declaratory and injunctive relief to enforce and secure voting privileges and immunities guaranteed by Sec. 2 of the Voting Rights Act and the 13th, 14th and 15th Amendments. She is a resident of Spartanburg County, having school age children presently attending school in Spartanburg County School District No. 2.
 
 
 9
 The district court entered an order on May 8, 1987 that denied Miss Pabellon's motion for interim injunctive relief and denied reconsideration of its earlier order denying same. The order further denied plaintiff's request that it request a three-judge court. However, the court allowed Dorothy Crite to intervene, granted Miss Pabellon's motion for certification of a class action, and granted her motion to join the members of the Spartanburg County Board of Education as additional defendants. Miss Pabellon's motion to amend the complaint was granted as to all of the proposed amendments except those pertaining to Sec. 5 of the Voting Rights Act of 1965, and she was ordered to file and serve such complaint. Miss Pabellon and Mrs. Crite filed a notice of appeal on May 15, 1987 from those parts of the court's order denying interim injunctive relief and denying certification for a three-judge district court.
 
 
 10
 Subsequently, on March 31, 1987, plaintiffs (Miss Pabellon and Mrs. Crite) filed a motion for declaratory and injunctive relief and for summary judgment to reapportion the Spartanburg County Board of Education. On June 5, 1987, counsel representing the County Board of Education answered plaintiffs' counsel by letter that the Board and its members had never been served with the amended complaint and were not parties, thus they were not obliged to respond further; but, since the Attorney General of South Carolina had recommended that counsel appear on behalf of the Board, its attorney was writing the letter.
 
 
 11
 The district court, on June 23, 1987, declined to rule on plaintiffs' motion for reapportionment, directed plaintiffs to refile their complaint, and stated that it would hold the reapportionment motion in abeyance.
 
 
 12
 Plaintiffs filed their first amended complaint on July 24, 1987 pursuant to the court order. The Spartanburg County Board of Education and District 7 filed separate answers, each containing motions to dismiss plaintiffs' claims alleging violation of the Voting Rights Act and 42 U.S.C. Sec. 1985. In an order filed August 25, 1987, the district court stated that because the plaintiffs' motion for declaratory and injunctive relief and summary judgment was directed toward the defendants who were members of the Spartanburg County Board of Education, it was premature. The court explained that the Board had only recently been served with the amended pleadings and had not yet answered the complaint. Further, no discovery had been conducted between the parties. The court proceeded to deny the plaintiffs' motion and grant the 12b(6) motion of the defendants as to the plaintiffs' claims under Sec. 5 of the Voting Rights Act and of conspiracy. The district court, sua sponte, severed the plaintiffs' claims into two separate actions. One action would pertain to the "academic, athletic, and extracurricular activities of the school itself" as well as "the operation" thereof, while the other would concern itself with "the composition, election, and apportionment of the various governing bodies of the school system in Spartanburg County." Plaintiffs noted an appeal from the order assigning as error: (1) denial of the motion for declaratory and injunctive relief and summary judgment; (2) granting the motion to dismiss all allegations in the amended complaint pertaining to Sec. 5 of the Voting Rights Act and the conspiracy claims; and (3) the sua sponte severance of the claims into two separate actions.
 
 
 13
 On this confused state of the pleadings, orders, hearings and conferences, not all of which we have recited, we are left with four grounds for appeal: the denial of temporary injunctive relief which would encompass the April 21st election and any further elections; the dismissal of the claims under Sec. 5 of the Voting Rights Act, 42 U.S.C. Sec. 1973(c); failure to convene a three-judge district court; and the severance.
 
 
 14
 The plaintiffs complained that the following laws pertaining to the election of the governing bodies of school boards in Spartanburg County had not been precleared under Sec. 5 of the Voting Rights Act: Act 857 (1952), Act 611 (1976), Act 820 (1978), Act 612 (1984) of the Acts and Joint Resolutions of the South Carolina General Assembly.
 
 
 15
 The record establishes, however, that Act 857 (1952) did not require preclearance because the Voting Rights Act did not have an effective date in South Carolina until November 1, 1964.
 
 
 16
 The record further establishes that Acts 611 (1976) and 612 (1984) were precleared pursuant to Sec. 5 of the Voting Rights Act.
 
 
 17
 The only section which may not have been precleared prior to the action of the district court was Act 820 (1978). Act 820, however, applies only to School District 4, which was not involved in this litigation prior to the time the Board of Education was made a party in July 1987, and, in any event, Act 820 has now been precleared by the U.S. Attorney General, having been filed in his office in October 1987 without objection thereafter during the statutory period.
 
 
 18
 The record contains no evidence which tends to show any unconstitutional apportionment of the Spartanburg County Board of Education, not to say that proof may not be offered to that effect, and we emphasize that we express no opinion on that question. So the district court was perfectly justified in not granting temporary injunctive relief on the claim that there had been a violation of Sec. 5 of the Voting Rights Act, for it is at once apparent that one of the Acts complained of did not require preclearance, two of the acts complained of had been precleared, and the other (which had no application to the case until July) has been precleared during the pendency of this case.
 
 
 19
 The plaintiffs have complained of violations both of Sec. 5 of the Voting Rights Act and Sec. 2 of that statute, 42 U.S.C. Sec. 1973. Only Sec. 5, however, requires the convening of a three-judge district court, Sec. 2 concerning itself with abridgement of the right to vote on account of race, color, or minority language. The claims concerning Sec. 5 being without merit, the district court acted properly in declining to certify the need for a three-judge court. See Simpkins v. Gressette, 631 F.2d 287, 290 (4th Cir.1980); Maryland Citizens for a Representative General Assembly v. Governor of Maryland, 429 F.2d 606 (4th Cir.1970) (a single judge may decline to request the convening of a three-judge court for an insubstantial claim). See also Collins v. City of Norfolk, 768 F.2d 572 (4th Cir.1985) (upholding the finding by a single district judge that there was no violation of Sec. 2 of the Voting Rights Act).
 
 
 20
 The question of whether or not a severance is proper is a question committed to the discretion of the district court. First National Bank of Cincinnati v. Pepper, 454 F2d 626, 635 (2d Cir.1972), and is usually not an appealable order. 9 Moore's Federal Practice, p 110.13. Since an appeal will lie in this case, however, in connection with the denial of injunctive relief, in which we must necessarily decide the application of Sec. 5 of the Voting Rights Act, and, incidentally, the correctness of declining to request a three-judge district court, we think a decision on that question is appropriate at this time. See Hebel v. Eversole, 543 F.2d 14 (7th Cir.1976). We think the severance order was sufficiently related to the subject of the appeal to permit its decision now without the necessity for mandamus. Leesona Corp. v. Cotwell Mfg. Corp., etc., 308 F.2d 895, 897 (4th Cir.1962).
 
 
 21
 As mentioned, the district court divided the case into two cases. The first concerns treatment of Annette Pabellon and others similarly situated within School District No. 7 of the school system of Spartanburg County. These allegations relate to claimed unconstitutional treatment of students on account of their race or sex. The second case which the district court required to be filed is the alleged unconstitutional makeup of the governing bodies of the Spartanburg County school system. We think those two divisions of the case are quite logical and the severance of the case into these two cases by the district court was certainly not an abuse of discretion. Plaintiffs are now free to pursue their claimed unconstitutional treatment, and also the claimed unconstitutional makeup of the school board either under Sec. 2 of the Voting Rights Act or under the Constitution. In any event, we do not perceive such a necessary overlap between the two cases, if any at all indeed exists, to indicate any abuse of discretion on the part of the district court.
 
 
 22
 The orders of the district court appealed from are accordingly
 
 
 23
 AFFIRMED.